UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

| Present: The Honorable | Audrey B. Collins, United States District Judge | | |
|---|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**Proceedings:**   ORDER GRANTING Motion to Dismiss (In Chambers)

Pending before the Court is Defendants Federal National Mortgage Association ("Fannie Mae") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (together "Defendants'") Motion to Dismiss First Amended Complaint ("FAC"), filed on November 13, 2012. (Docket No. 18.) Plaintiff Peter Zeppeiro opposed on November 26, 2012 and Defendants replied on December 3, 2012. The Court previously found this matter appropriate for resolution without oral argument and vacated the hearing date. (Docket No. 24.) For the reasons below, the Court GRANTS the motion and DISMISSES the claims against MERS and Fannie Mae WITH PREJUDICE.

**BACKGROUND**

Like many distressed homeowners, Plaintiff has filed this case to stave off foreclosure of his home after he failed to pay his mortgage. In his original complaint, Plaintiff asserted a host of claims to stop the foreclosure sale and obtain damages: (1) quiet title (against all Defendants); (2) breach of contract (against Homecomings Financial LLC and GMAC Mortgage LLC ("GMAC")); (3) lack of standing to foreclose (against GMAC, Executive Trustee Services LLC ("ETS"), and MERS); (4) violation of California Civil Code section 2932.5 (against GMAC and MERS); (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g) (against Fannie Mae); (6) cancellation of written instrument under California Civil Code section 3412 (against all Defendants); (7) violation of California Business and Professions Code section 17200 (against all Defendants); and (8) intentional infliction of emotional distress (against all Defendants). MERS and Fannie Mae moved to dismiss the claims against them (which amounted to all but the breach of contract claim).[1] The Court granted the motion, and dismissed some claims with prejudice and granted leave to amend others. (Docket No. 16.)[2]

---

[1]Defendants GMAC, Homecomings Financial LLC, and ETS filed a Notice of Bankruptcy on August 30, 2012, which stayed all proceedings against them, so the Court did not decide any issues related to those Defendants. The petition remains pending so the Court again does not address any issues related to those Defendants.

[2]To the extent Plaintiff has attempted to replead claims that were dismissed with prejudice, they are barred and the Court will not address them again.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|

| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. |
|---|---|

Plaintiff filed the FAC on October 26, 2012, in response to the Court's Order. The factual underpinning of the FAC remains unchanged. On March 16, 1995, Jovita Zeppeiro obtained title to the property at issue as a "married woman as her sole and separate property." (FAC ¶ 19.) On September 6, 2002, she conveyed title to Plaintiff as "a married man as his sole and separate property" in a Grant Deed that Plaintiff had notarized. (Id. ¶ 20.) Plaintiff alleges that he was told by Homecomings Financial that this Grant Deed had to be revised, so on October 15, 2002, it presented Plaintiff with a new draft deed that conveyed title from "Jovita Zeppeiro and Peter Zeppeiro, wife and husband as Joint Tenants" to "Peter Zeppeiro, a married man as his sole and separate property," although Plaintiff alleges that title was never vested as joint tenants. (Id. ¶¶ 21–22, Ex. D.)

The Deed of Trust was dated October 11, 2002 and recorded on October 24, 2002. (Id. ¶ 23, Ex. F.) Plaintiff alleges that the Deed of Trust did not initially contain a legal description of the property and that, at some point after it was signed, Defendants added a legal description without his knowledge, and that description identified the wrong property. (Id. ¶¶ 23–24.) Plaintiff claims he did not know about this alteration, although he signed the Deed of Trust, which indicated that the legal description was attached. (Id. ¶ 24.)

Plaintiff alleges that the Grant Deed was altered when it was delivered to escrow to reflect a notarization date of October 11, 2002 when it was notarized on October 15; Plaintiff claims this was done to make the Grant Deed predate the Deed of Trust, dated October 11. (Id. ¶ 25.) Plaintiff claims that the notary's initials on the Grant Deed confirming the date change were forged based on a 2005 declaration and a 2005 letter from the notary. (Id. ¶ 25, Exs. L, M.) Plaintiff further alleges that at some point after the Grant Deed was recorded, the Grant Deed was altered to strike out "Peter Zeppeiro, a Married Man as His Sole and Separate Property" and was replaced with "Jovita Zeppeiro and Peter Zeppeiro, wife and husband as Joint Tenants." (Id. ¶ 27.) That altered Grant Deed was then recorded on November 12, 2002, three weeks after escrow closed. (Id. ¶ 28.)

Homecomings Financial was listed as the original lender, with American Title as the original trustee and MERS as the original beneficiary and nominee under the Deed of Trust. (Id. ¶ 31.) Like many residential loans, Plaintiff's note was transferred to Fannie Mae for placement in a securitized trust pursuant to a "Pooling and Servicing Agreement" ("PSA"), and Plaintiff alleges various flaws in that process allegedly rendering the transfer of his deed of trust invalid. (Id. ¶¶ 34–68.)

On April 28, 2010, MERS recorded a substitution of trustee for ETS. (Id., Ex. I.) On the same date, ETS recorded a Notice of Default and Election to Sell. (Id., Ex. H.) And on July 30, 2010, ETS recorded a Notice of Trustee's Sale set for August 26, 2010. (Id., Ex. J.) The sale did not go forward on that date.

On February 2, 2012, MERS assigned the Deed of Trust to GMAC (Def. Request for Judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

Notice ("RJN")[3], Ex. 3); on February 16, 2012, GMAC named ETS as trustee (id., Ex. 4); and on March 1, 2012, a Notice of Default was recorded against the property (id., Ex. 5). All of these documents were recorded. On July 5, 2012, Plaintiff recorded a Notice of Pendency of Action against the property in light of this case. (Id., Ex. 6.) As of the date of the pending motion, the property has not been sold.

As new allegations in the FAC, Plaintiff claims that he executed a Quitclaim Deed to Mary and Douglas Zeppeiro, which was recorded on October 30, 2002. (FAC, Ex. G.) Then, on May 17, 2012, Mary and Douglas Zeppeiro executed a Quitclaim Deed, granting Plaintiff a one-third interest in the property. (Id., Ex. K.)

Based on these facts, Plaintiff realleges the following claims in the FAC: (1) quiet title (against all Defendants); (2) breach of contract (against Homecomings Financial and GMAC); (3) lack of standing to foreclose (against GMAC and ETS); (4) violation of TILA, 15 U.S.C. § 1641(g) (against Fannie Mae); (5) cancellation of written instrument under California Civil Code section 3412 (against all Defendants); and (6) violation of California Business and Professions Code section 17200 (against all Defendants). Fannie Mae and MERS have again moved to dismiss the claims brought against them.[4]

**LEGAL STANDARD**

A complaint survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief," which does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009). A claim must be "plausible on its face," which means that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and alterations omitted). Allegations of fact are taken as true and construed in the light most favorable to the nonmoving party. See Newdow v. Lefevre, 598 F.3d 638, 642 (9th Cir. 2010).

In analyzing the sufficiency of the complaint, the Court must first look at the requirements of the causes of action alleged. See Iqbal, 556 U.S. at 675. The Court may then identify and disregard any legal conclusions, which are not subject to the requirement that the Court must accept as true all of the allegations contained in the complaint. Id. at 678. The Court must then decide whether well-pleaded factual allegations, when assumed true, "plausibly give rise to an entitlement to relief." Id. at 679. In

---

[3]The Court GRANTS Defendants' unopposed Request for Judicial Notice. See Fed. R. Civ. P. 201.

[4]Because Plaintiff's breach of contract and lack of standing claims were not brought against Fannie Mae or MERS, the Court does not address them herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

doing so, the Court may not consider material beyond the pleadings, but may consider judicially noticeable documents, documents attached to the complaint, or documents to which the complaint refers extensively or which form the basis of the plaintiff's claims in the complaint. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

**DISCUSSION**

### A.  Quiet Title

As the Court previously explained, under California Civil Code section 760.020(a), a party may seek to establish title in a property as against adverse claims, so long as the Complaint is verified and sets out certain information required by statute. See § 761.020. However, in order for a mortgagor to quiet title against a mortgagee, the mortgagor must pay the amount he or she owes on the debt. See Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1170 (E.D. Cal. 2010). There are four exceptions to this "tender" requirement: (1) the action attacks the validity of the underlying debt; (2) the mortgagor has a counter-claim or setoff against the mortgagee; (3) requiring tender would be inequitable; and (4) the trustee's deed is void on its face. Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112–13 (2011).

Plaintiff attempts to invoke the "void" exception by arguing that he is entitled to quiet title because the September 6 and October 15 Grant Deeds and the October 24 Deed of Trust were altered without his knowledge, rendering them void. But that does not render the underlying Deed of Trust void; rather, even if he succeeded on this claim, he would still owe the balance on his mortgage once title was settled, which he does not dispute. See Manantan v. Nat'l City Mortg., No. C-11-00216 CW, 2011 WL 3267706, at *5 (N.D. Cal. July 28, 2011) (requiring tender on quiet title claim based on alleged fraud in loan transaction because the "alleged fraud may void the transaction between Plaintiff and Defendants, but it would not allow Plaintiff to gain quiet title and keep the money she borrowed."). These facts once again do not state an exception to the tender rule and this claim must be dismissed.

### B.  TILA, 15 U.S.C. § 1641(g)

Plaintiff again alleges that Fannie Mae violated § 1641(g) of TILA because his loan was transferred at some point to Fannie Mae, but Fannie Mae did not notify him of the transfer within 30 days as required by § 1641(g). This claim still fails because Plaintiff has not alleged when the transfer occurred or why Fannie Mae is even subject to § 1641(g), especially given that Plaintiff also alleges that any transfer to Fannie Mae was invalid. (FAC ¶ 37.) Moreover, Plaintiff has not alleged that he detrimentally relied on any failure to disclose the transfer. See Derusseau v. Bank of Am., N.A., No. 11 CV 1766 MMA (JMA), 2012 WL 1059928, at *4 (S.D. Cal. Mar. 28, 2012) (dismissing similar allegations for failing to identify the date of the transfer or that plaintiff detrimentally relied on the failure to disclose). This claim must be dismissed.

### C.  Cancellation of Written Instrument, Cal. Civ. Code § 3412

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

     Plaintiff again seeks cancellation of his Deed of Trust pursuant to California Civil Code section 3412. Cancellation here is subject to the tender requirement, see Fleming v. Kagan, 189 Cal. App. 2d 791, 796 (1961), and Plaintiff has not alleged that he can tender the amount outstanding on his loan or that a valid exception applies.

     Moreover, a cancellation claim is subject to a five-year statute of limitations. See Robertson v. Super. Ct., 90 Cal. App. 4th 1319, 1328 (2001). As alleged in the FAC, Plaintiff signed the Deed of Trust in October 2002, so his cancellation claim expired in October 2007.

     Plaintiff seems to suggest that the statute of limitations should be tolled because he did not discover his injury until later. "'A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer.'" E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1319 (2007) (emphasis in original). Plaintiff alleges no facts to suggest that the discovery rule applies to his claim; indeed, he does not even acknowledge the delay in the FAC, despite the Court raising the issue on the prior motion to dismiss. To the contrary, Plaintiff likely knew about the alleged fraud as far back as 2005 in light of the June 2005 letter to Plaintiff's father from the notary who claimed that there were several problems with the 2002 Grant Deed. On that basis, the five-year statute of limitations expired in 2010, but Plaintiff did not file this lawsuit until June 2012. This claim must therefore be dismissed.

     **D.**    **Bus. & Prof. Code § 17200**

     Plaintiff's section 17200 claim is based on the same allegations as in his original Complaint regarding flaws in the securitization process. (FAC ¶¶ 125–37.) The Court need not delve into Plaintiff's factual allegations a second time because they fail to state a violation of section 17200 for the reasons the Court explained in the Order dismissing Plaintiff's original complaint. See, e.g., Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (rejecting argument that securitization deprives MERS and trustees of authority to foreclose on the Deed of Trust).[5]

---

     [5]The Court previously dismissed this claim with prejudice to the extent that it was based on fraudulent alterations to the Grant Deed and Deed of Trust in 2002 because that claim was barred by a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. The Court found that the discovery rule did not apply to section 17200, citing Snapp & Associates Insurance Services, Inc. v. Malcolm Bruce Burlingame Robertson, 96 Cal. App. 4th 884, 891 (2002). The California Supreme Court subsequently disapproved of Snapp, holding that common law limitations rules, including the discovery rule, apply to section 17200 claims. Aryeh v. Canon Bus. Solutions, Inc., 55 Cal. 4th 1185 (2013). In any case, Plaintiff has not alleged any facts that would support tolling the limitations period. Rather, as noted above, the FAC makes clear that Plaintiff likely knew about any alleged fraud by 2005, so his claim is untimely even if measured from 2005.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-5357 ABC (RZx) | Date | February 13, 2013 |
|---|---|---|---|
| Title | Peter Zeppeiro v. GMAC Mortgage, LLC, et al. | | |

**CONCLUSION**

The Court GRANTS Defendants' motion and DISMISSES all Plaintiff's claims brought against MERS and Fannie Mae WITH PREJUDICE because Plaintiff has already had an opportunity to amend. See Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011).

**IT IS SO ORDERED.**

:

Initials of Preparer        AB